UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN TOWER CORPORATION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.LB. CONSTRUCTION, INC., 21st CAPITAL CORPORATION, | ) |
| PRIME COMMUNICATIONS LLC, AMF ELECTRICAL | ) |
| CONTRACTORS, INC., HEINZ CORPORATION, DANIEL | ) |
| WENESS CONSTRUCTION, WESTERN STATES TOWER LLC | ) |
| WEST CENTRAL CONSULTING SERVICES, INC., | ) |
| STEWART ELECTRIC, INC., GLOBAL TOWER SERVICE | ) |
| ADVANCED LIGHTNING TECHNOLOGY, INC. and | ) |
| GULF COAST STEEPLEJACK, | ) |
| Defendants | ) |

## ANSWER, COUNTERCLAIM, CROSS-CLAIM AND DEMAND FOR TRIAL BY JURY ON BEHALF OF DEFENDANT WEST CENTRAL CONSULTING SERVICES INC. AND DEFENDANT STEWART ELECTRIC INC.

NOW COME Defendant West Central Consulting Services Inc. ("WCCS")and Defendant

Stewart Electric Inc. ("Stewart") to answer the Complaint as follows:

The Introductory Statement of the Complaint does not assert a substantive allegation. To the extent the

Introductory Statement calls for a response, Defendants deny the allegations.

1.    Admitted.

2.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 2.

3.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 3.

4.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 4.

5.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.

6.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6.

7.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7.

8.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8.

9.    Admitted.

10.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10.

11.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11.

12.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12.

13.    Defendants admit that this Court has jurisdiction over the funds Plaintiff has deposited with this Court. Defendants state that this Court does not have jurisdiction to prohibit WCCS and Stewart from exercising their rights under the mechanic lien statutes of the states in which Defendants supplied material or labor.

14.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 and call upon Plaintiff to prove the same.

15.     Admitted.

16.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 and call upon Plaintiff to prove the same.

17.     To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

18.     To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

19.     To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

20.     Denied.

21.     To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

22.     To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

23.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23.

24.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24.

25.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25.

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 26.

27.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27.

28.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28.

29.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29.

30.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30.

31.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31.

32.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32.

33.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33.

34.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34.

35.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35.

36.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36.

37.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37.

38.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38.

39.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 and call upon Plaintiff to prove the same.

40.   Admitted.

41.   Admitted.

42.   Admitted.

43.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43.

44.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44.

45.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45.

46.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46.

47.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47.

48.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48.

49. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49.

50. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50.

51. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51.

52. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 52.

53. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53.

54. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54.

55. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55.

56. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56.

57. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57.

58. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58.

59. Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 59.

60.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60.

61.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61.

62.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62.

63.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 63.

64.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64.

65.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 65.

66.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66.

67.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67.

68.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68.

69.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 69.

70.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70.

71.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71.

72.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72.

73.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73.

74.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 74.

75.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 75.

76.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76.

77.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77.

78.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78.

79.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 79.

80.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 80.

81.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 81.

82.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 82.

83.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 83.

84.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 84.

85.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 85.

86.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 86.

87.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 87.

88.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 88.

89.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 89.

90.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 90.

91.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 91.

92.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 92.

93.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 93.

94.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 94.

95.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95.

96.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 96.

97.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 97 and call upon Plaintiffs to prove the same.

98.    Admitted.

99.    Admitted.

100.    Admitted.

101.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 101.

102.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 102.

103.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 103.

104.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 104.

105.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 105.

106.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 106.

107.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 107.

108.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 108.

109.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 109.

110.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 110.

111.    Denied.  Further answering, Defendants state WCCS that on August 6, 2004 it filed a notice of intent to lien and a notice of labor and materialman's lien for the Cleveland and Sunflower sites.

112.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 112.

113.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 113.

114.  To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.  To the extent this Paragraph calls for a response, Defendants deny the allegations.

115.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and call upon Plaintiff to prove same.

116.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 116.

117.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 117.

118.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

119.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

120.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

121.  Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 121.

122.  Defendants admit neither JLB nor Capital have made any payment to them.  Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 122.

123. Defendants incorporate their responses to the allegations in Paragraphs 1-122.

124. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 124.

125. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 125.

126. To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

127. Defendants incorporate their responses to the allegations in Paragraphs 1-126.

128. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 128.

129. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 129.

130. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

131. Admitted.

132. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 132.

133. Defendants incorporate their responses to the allegations in Paragraphs 1-132.

134. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 134.

135. Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph and calls upon Plaintiff to prove same.

136.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

137.   Admitted.

138.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

139.   To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

140.   To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

141.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 141.

142.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 142.

143.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

144.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

145.   Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

146.   Defendants incorporate their responses to the allegations in Paragraphs 1-145.

147.    Defendants admit JLB hired them to perform work at the Cleveland and Sunflower sites. Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 147.

148.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

149.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

150.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

151.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

152.    Defendants incorporate their responses to the allegations in Paragraphs 1-151.

153.    Admitted.

154.    To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

155.    To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

156.    To the extent that the allegations in this Paragraph seek to describe the document attached as Exhibit 1, Defendants state Exhibit 1 speaks for itself and no response is required.

157.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 157.

158.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 158.

159.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 159.

160.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

161.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

162.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

163.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 163.

164.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

165.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

166.    Admitted.

167.    Defendants incorporate their responses to the allegations in Paragraphs 1-166.

168.    Admitted.

169.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph and calls upon Plaintiff to prove same.

170.    Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph and calls upon Plaintiff to prove same.


WHEREFORE this Court should deny Plaintiff's request to be discharged from liability to Defendants

in the event Defendants are not adequately compensated from the interpleader amount and award

Defendants their full damages.


## <u>AFFIRMATIVE DEFENSES</u>

### <u>First Affirmative Defense</u>

Plaintiff is liable for sums in excess of the interpleader amount.


### <u>Second Affirmative Defense</u>

This Court does not have jurisdiction to prohibit WCCS and Stewart from exercising their rights under

the mechanic lien statutes of the states in which Defendants supplied material or labor.

## COUNTERCLAIM

1. Plaintiffs-in-Counterclaim are West Central Consulting Services, Inc. ("WCCS") and Stewart Electric, Inc. ("Stewart"). WCCS is a Texas corporation with a principal place of business in Hockley, Texas. Stewart is a Mississippi corporation with a principal place of business in Greenville, Mississippi.

2. Defendant-in-Counterclaim is the plaintiff herein, American Tower, the parent company of ATC Tower Services Inc. ("ACS"), a New Mexico corporation with a principal place of business in the Commonwealth of Massachusetts.

3. This Court has jurisdiction over Defendants' counterclaim by virtue of complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

4. ACS entered into a contractual relationship with Defendant JLB regarding the construction of communications towers at twenty-two locations.

5. Defendant JLB subcontracted with WCCS to complete certain tasks at two work sites in the state of Mississippi, known as the Sunflower and Cleveland sites.

6. WCCS entered into a contractual relationship with Stewart Electric, Inc. to complete electrical work at the Sunflower and Cleveland sites.

7. WCCS and Stewart commenced work April 6, 2004.

8. WCCS served as the general contractor for microwave tower upgrades at the Sunflower and Cleveland work sites. This work included plumb and tension of towers, maintenance and electrical upgrades, fencing and testing.

9. At the Sunflower site, Stewart dug the trenches, poured the concrete, drove the ground rods,

-18-

welded the ground wires, and installed the electrical bases and wires.

10.   At the Cleveland site, Stewart dug up existing conduits and removed existing wire to install concrete slabs, anchor bolts, and new wiring.

11.   All the work WCCS and Stewart performed at the Sunflower and Cleveland work sites enured to the benefit of ACS or Defendant JLB.

12.   Defendant JLB instructed WCCS and Stewart to submit its invoices directly to JLB.

13.   ACS then instructed WCCS and Stewart to submit invoices directly to ATC.

14.   ACS asserts in its Complaint that it paid certain funds to Defendant JLB and certain funds directly to other subcontractors involved in the same tower construction project as WCCS and Stewart.

15.   Neither ACS nor Defendant JLB paid the funds owed to WCCS and Stewart for the labor and materials provided at the Sunflower and Cleveland work sites.

16.   Because of the failure of ACS and Defendant JLB to pay Stewart, Stewart was unable to perform its obligations on two other contracts and its credit has been impaired.


## COUNT I
### Negligent Hiring, Supervision and Retention of J.L.B. Construction Inc.

17.   WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in Paragraphs 1-16.

18.   Defendant-in-Couterclaim ACS had a duty to exercise reasonable care in the hiring, supervision and retention of Defendant JLB as the general contractor for an extensive

nationwide tower project.

19. ACS knew or should have known that the past conduct of Defendant JLB rendered Defendant JLB unfit to serve as the general contractor for an extensive nationwide tower project.

20. ACS failed to take any action such as disciplining or discharging Defendant JLB to prevent Defendant JLB from mismanaging the tower project and mishandling funds.

21. As a direct and proximate result of ACS' failure to discipline or discharge Defendant JLB, WCCS and Stewart have suffered damages in excess of $75,000.00.

## COUNT II
### Negligence

22. WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in Paragraphs 1-21.

23. ACS owed WCCS and Stewart a duty of reasonable care in administering the contract with Defendant JLB and making payments to Defendant JLB and other subcontractors performing work.

24. ACS owed also owed WCCS and Stewart a duty to use reasonable care in supplying the necessary materials for the work WCCS and Stewart were hired to perform on the communications towers.

25. ACS breached its duty by making payments in a negligent manner, which resulted in Defendants not being paid for work performed.

26. ACS also breached its duty by failing to provide necessary materials in a timely and efficient manner in order for WCCS and Stewart to efficiently perform its work on such towers.

-20-

27.    As a direct and proximate result of ACS's negligence, WCCS and Stewart were forced to work in an inefficient manner, incurred extra costs, and received no payment for the work and materials provided, all resulting in damages in an amount exceeding $75,000.00.

## COUNT III
### Breach of third-party beneficiary contract

28.    WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in Paragraphs 1-27.

29.    ACS and Defendant JLB entered into a contract that called for ACS to make timely payments to JLB for work performed by JLB and its subcontractors in connection with the communications towers detailed in ACS's Complaint.

30.    As subcontractors to Defendant JLB, WCCS and Stewart were third-party beneficiaries of such contracts.

31.    ACS breached its obligations under the contract by failing and refusing to make payments in a timely manner.

32.    As a direct and proximate result of ACS's breach, WCCS and Stewart have been damaged in an amount exceeding $75,000.00.

## COUNT IV
### Unjust Enrichment

33.    WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in Paragraphs 1-32.

34.    All the work WCCS and Stewart performed at the Sunflower and Cleveland work sites enured

to the benefit of ACS.

35.    Upon information and belief, ACS received funds from Cingular or Bechtal relating to the construction of the communications towers.

36.    ACS has been unjustly enriched by its failure to pay WCCS and Stewart the funds owed for the labor and materials provided at the Sunflower and Cleveland work sites.


**WHEREFORE**, WCCS and Stewart respectfully request that the Court award the full damages proven at trial on their Counterclaim, plus interest and court costs, and that WCCS and Stewart be awarded such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

1.  Plaintiffs-in-Cross-Claim are West Central Consulting Services, Inc. ("WCCS") and Stewart Electric, Inc. ("Stewart"). WCCS is a Texas corporation with a principal place of business in Hockley, Texas. Stewart is a Mississippi corporation with a principal place of business in Greenville, Mississippi.

2.  Defendant-in-Cross-Claim is the defendant herein JLB, an Iowa corporation with a principal place of business in Denver, Iowa.

3.  This Court has proper jurisdiction over this Cross-Claim by reason of complete diversity of citizenship and because the jurisdictional amount in controversy exceeds $75,000.00.

4.  WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in the preceding paragraphs of its Counterclaim.

### COUNT I
### Breach of Contract

5.  JLB, WCCS and Stewart entered into a contract whereby WCCS and Stewart agreed to provide certain labor and materials in connection with certain communications towers detailed in the underlying Complaint in this matter, and whereby JLB agreed to pay WCCS for such labor and materials in accordance with the parties' agreement.

6.  WCCS and Stewart fully performed under the parties' contract, but JLB breached the contract by failing and refusing to pay in accordance with the parties' agreement.

7.  As a direct and proximate result of JLB's breach WCCS and Stewart Prime have been damaged by an amount exceeding $75,000.00.

## COUNT II
### Negligence

8.      WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in
        the preceding paragraphs of its Counterclaim.

9.      Defendant JLB owed WCCS and Stewart a duty to use reasonable care in supplying the
        necessary materials for the work WCCS and Stewart were hired to perform on the
        communications towers.

10.     Defendant JLB breached its duty by failing to provide necessary materials in a timely and
        efficient manner in order for WCCS and Stewart to efficiently perform its work on such towers.

11.     As a direct and proximate result of Defendant JLB's negligence, WCCS and Stewart were
        forced to work in an inefficient manner, incurred extra costs, and received no payment for the
        work and materials provided, all resulting in damages in an amount exceeding $75,000.00.


## COUNT III
### Unjust Enrichment

12.     WCCS and Stewart hereby reallege and incorporate by reference every allegation contained in
        the preceding paragraphs of its Counterclaim.

13.     The work WCCS and Stewart performed at the Sunflower and Cleveland work sites enured to
        the benefit of Defendant JLB.

14.     As detailed in the underlying Complaint, Defendant JLB received funds from ACS relating to
        the construction of the communications towers.

-24-

15.    Defendant JLB has been unjustly enriched by its failure to pay WCCS and Stewart the funds

owed for the labor and materials provided at the Sunflower and Cleveland work sites.


WHEREFORE, WCCS and Stewart respectfully request that they be awarded their full damages

proven at trial on their Cross-Claim against JLB, plus interest and court costs, and that WCCS and

Stewart be awarded such other and further relief as the Court deems just and proper.


                                        Respectfully submitted,
                                        West Central Consulting Services, Inc. and
                                        Stewart Electric, Inc.

                                        By their attorneys,

Date:   December 14, 2004

                                        Edward S. Englander (BBO # 154540)
                                        Denise A. Chicoine (BBO # 564152)
                                        ENGLANDER & CHICOINE P.C.
                                        Two Newton Place, Suite 200
                                        Newton, MA 02458-1633
                                        Tel. (617) 964-5400

## CERTIFICATE OF SERVICE

I, Denise A. Chicoine, hereby certify that I served the enclosed

**ANSWER, COUNTERCLAIM, CROSS-CLAIM AND DEMAND FOR TRIAL BY JURY ON BEHALF OF DEFENDANT WEST CENTRAL CONSULTING SERVICES INC. AND DEFENDANT STEWART ELECTRIC INC.**

on counsel of record by sending a true copy of same to:

Gregory J. Aceto, Esq.
Johnson & Aceto P.C.
67 Batterymarch Street, Suite 400
Boston, MA 02110

Andrew C. Gately, Esq.
Gately & Goldman LLP
34 Channing Street
Newton, MA 02458

via electronic delivery and first class mail postage pre-paid this fourteenth day of December, 2004.

Denise A. Chicoine, Esq.