**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO.: 04-12317WGY**

| |
|---|
| AMERICAN TOWER CORPORATION,<br>                    Plaintiff,<br><br>v.<br><br>J.L.B. CONSTRUCTION, INC., 21ST CAPITAL CORPORATION, PRIME COMMUNICATIONS, LLC, AMF ELECTRICAL CONTRACTORS, INC., HEINZ CORPORATION, DANIEL WENESS CONSTRUCTION, WESTERN STATES TOWER, LLC, WEST CENTRAL CONSULTING SERVICES, INC., STEWART ELECTRIC, INC., GLOBAL TOWER SERVICE, ADVANCED LIGHTNING TECHNOLOGY, INC. and GULF COAST STEEPLEJACK,<br>                    Defendants. |

**REPLY OF AMERICAN TOWER CORPORATION TO**
**DEFENDANT PRIME COMMUNICATIONS, LLC'S COUNTERCLAIM**
_____

NOW COMES the Plaintiff/Defendant-in-Counterclaim American Tower Corporation (the "Defendant-in-Counterclaim" or "ATC") and hereby replies to Prime Communications, LLC's (the "Plaintiff-in-Counterclaim") Counterclaim as follows:

1. The Defendant-in-Counterclaim admits the allegations set forth in this paragraph.

2. The Defendant-in-Counterclaim admits the allegations set forth in this paragraph.

3. The Defendant-in-Counterclaim admits the allegations set forth in this paragraph.

## COUNT I
(Negligence in administering contract and making payments)

4. The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-3 of the Counterclaim, as though fully set forth herein.

5. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph. Answering further, ATC denies that it made any payments to JLB and denies that it owed a duty of care.

6. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

7. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT II
(Negligence in providing materials)

8. The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-7 of the Counterclaim, as though fully set forth herein.

9. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

10. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

11. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT III
(Breach of third-party beneficiary contract)

12. The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-11 of the Counterclaim, as though fully set forth herein.

13. The Defendant-in-Counterclaim admits in part and denies in part. The Defendant-in-Counterclaim admits that it entered into a contract with JLB. The Defendant-in-Counterclaim denies that it was obligated to submit any payment directly to any subcontractor of JLB. The Defendant-in-Counterclaim further states that under its contract with JLB, satisfaction of certain enumerated criteria was required prior to the delivery of any payment to JLB by the Defendant-in-Counterclaim.

14. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

15. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

16. The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

And further answering the Defendant Prime's Counterclaim, pursuant to Fed.R.Civ.P. 8(c), the Defendant-in-Counterclaim American Tower Corporation, asserts the following defenses to the relief requested:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted, and, therefore, should be dismissed in accordance with Fed.R.Civ.P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because it has failed to take reasonable steps to mitigate the damages complained of under its Counterclaim.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because there is an absence of consideration for its alleged third-party beneficiary status from the contract between ATC and JLB that is the subject of this litigation.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because the Defendant-in-Counterclaim's conduct was lawful, justified and privileged.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim may not recover from the Defendant-in-Counterclaim because the Defendant-in-Counterclaim did not owe a duty of care.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because of the

Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because the contract that is the subject of this litigation precluded the Plaintiff-in-Counterclaim from its right to file Mechanic's Liens and the Plaintiff-in-Counterclaim breached said contract.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because of contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is barred from recovery because of the doctrines of estoppel, laches and waiver.

## TENTH  AFFIRMATIVE DEFENSE

The Defendant-in-Counterclaim reserves its right to supplement this statement of affirmative defenses after it has had an opportunity to complete discovery.

**WHEREFORE,** the Defendant-in-Counterclaim requests the Court grant judgment in favor of the Defendant-in-Counterclaim and grant such other and further relief as the Court deems just and proper.

**THE DEFENDANT-IN-COUNTERCLAIM CLAIMS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

5

        Respectfully submitted,
AMERICAN TOWER
CORPORATION,
By its attorneys,

/s/ Gregory J. Aceto
Gregory J. Aceto, Esq.
 (BBO No. 558556)
Erin J. Brennan, Esq.
  (BBO No. 660097)
JOHNSON & ACETO, P.C.
67 Batterymarch Street
Boston, MA  02110
(617) 728-0888

6

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.