**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO.: 04-12317WGY**

| |
|---|
| AMERICAN TOWER CORPORATION,<br>Plaintiff,<br><br>v.<br><br>J.L.B. CONSTRUCTION, INC., 21ST CAPITAL CORPORATION, PRIME COMMUNICATIONS, LLC, AMF ELECTRICAL CONTRACTORS, INC., HEINZ CORPORATION, DANIEL WENESS CONSTRUCTION, WESTERN STATES TOWER, LLC, WEST CENTRAL CONSULTING SERVICES, INC., STEWART ELECTRIC, INC., GLOBAL TOWER SERVICE, ADVANCED LIGHTNING TECHNOLOGY, INC. and GULF COAST STEEPLEJACK,<br>Defendants. |

**REPLY OF AMERICAN TOWER CORPORATION**
**TO THE COUNTERCLAIM OF DEFENDANTS WEST**
**CENTRAL CONSULTING SERVICES, INC. AND STEWART ELECTRIC, INC.**
_____

NOW COMES the Plaintiff/Defendant-in-Counterclaim American Tower

Corporation (the "Plaintiff" or "Defendant-in-Counterclaim") and hereby replies to

the counterclaim of West Central Consulting Services, Inc. ("WCCS") and

Stewart Electric, Inc. ("Stewart") (collectively, the "Defendants" or "Plaintiffs-in-

Counterclaim") as follows:

1.      The Defendant-in-Counterclaim admits the allegations set forth in this

paragraph.

2.	The Defendant-in-Counterclaim admits the allegations set forth in this paragraph.

3.	The Defendant-in-Counterclaim admits the allegations set forth in this paragraph.

4.	The Defendant-in-Counterclaim admits in part and denies in part.  The Defendant-in-Counterclaim admits that ACS entered into a contract with the Defendant JLB for construction at a number of tower sites, including the ones referenced in the Complaint.

5.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

6.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

7.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

8.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

9.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

10.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

11.	The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations related to which work and to what extent work was performed by the Plaintiffs-in-Counterclaim.

12.     The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph.

13.     The Defendant-in-Counterclaim admits that ATC instructed WCCS to submit copies of relevant invoices related to WCCS and its subcontractors to ATC for review and to continue to submit billing directly to JLB.  With regard to the allegations pertaining to ACS's instructions, the Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

14.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.  Answering further, ACS is not the Plaintiff.

15.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

16.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT I
## Negligent Hiring, Supervision and Retention of J.L.B. Construction, Inc.

17.     The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-16 of the Counterclaim, as though fully set forth herein.

18.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

19.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

20.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

21.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT II
### Negligence

22.     The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-21 of the Counterclaim, as though fully set forth herein.

23.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

24.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

25.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

26.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

27.     The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT III
### Breach of third-party beneficiary contract

28.     The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-27 of the Counterclaim, as though fully set forth herein.

29.    The Defendant-in-Counterclaim admits in part and denies in part.  The Defendant-in-Counterclaim admits that it entered into a contract with JLB. The Defendant-in-Counterclaim denies that it was obligated to submit any payment directly to any subcontractor of JLB.  The Defendant-in-Counterclaim further states that under its contract with JLB, satisfaction of certain enumerated criteria was required prior to the delivery of any payment to JLB by the Defendant-in-Counterclaim.

30.    The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

31.    The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

32.    The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## COUNT IV
### Unjust Enrichment

33.    The Defendant-in-Counterclaim hereby repeats its answers to the allegations contained in paragraphs 1-32 of the Counterclaim, as though fully set forth herein.

34.    The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

35.    The Defendant-in-Counterclaim lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph. The Defendant-in-Counterclaim reserves the right to amend this answer as more information becomes available.

36.    The Defendant-in-Counterclaim denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

And further answering the Counterclaim of the Defendants WCCS and Stewart, pursuant to Fed.R.Civ.P. 8(c), the Plaintiff American Tower Corporation, asserts the following defenses to the relief requested:

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted, and, therefore, should be dismissed in accordance with Fed.R.Civ.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because they have failed to take reasonable steps to mitigate the damages complained of under their Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because there is an absence of consideration for their alleged third-party beneficiary status from the contract between ATC and JLB that is the subject of this litigation.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because the Defendant-in-Counterclaim's conduct was lawful, justified and privileged.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim may not recover from the Defendant-in-Counterclaim because the Defendant-in-Counterclaim did not owe a duty of care.

6

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because of the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because the contract that is the subject of this litigation precluded the Plaintiffs-in-Counterclaim from their right to file Mechanic's Liens and the Plaintiffs-in-Counterclaim breached said contract.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because of contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim are barred from recovery because of the doctrines of estoppel, laches and waiver.

## TENTH  AFFIRMATIVE DEFENSE

The Defendant-in-Counterclaim reserves its right to supplement this statement of affirmative defenses after it has had an opportunity to complete discovery.

**WHEREFORE,** the Defendant-in-Counterclaim requests the Court grant judgment in favor of the Defendant-in-Counterclaim and grant such other and further relief as the Court deems just and proper.

**THE DEFENDANT-IN-COUNTERCLAIM CLAIMS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
AMERICAN TOWER
CORPORATION,
By its attorneys,


/s/ Gregory J. Aceto_____
Gregory J. Aceto, Esq.
 (BBO No. 558556)
Erin J. Brennan, Esq.
  (BBO No. 660097)
JOHNSON & ACETO, P.C.
67 Batterymarch Street
Boston, MA  02110
(617) 728-0888

8

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.