# ATC TOWER
## SERVICES, INC.℠

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 54318 | 0 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:
6706 N. 9th Avenue, Suite B5
Pensacola, FL 32503
United States

BILL TO:  PO BOX 724267
Atlanta, GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 22792 | DATE OF ORDER/BUYER 23-APR-04    Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Bell, Troy | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | BAYOU LABATRE - ANTENNA & LINE INSTALL PER SCOPE OF WORK o SHIP TO: Address at top of page | 23-APR-04 | | | | 17,500.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

| TOTAL | 17,500.00 |
|---|---|

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC TOWER**
SERVICES, INC.™

ATC Construction Services
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 54321 | 2 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
6706 N. 9th Avenue, Suite B5
Pensacola, FL 32503
United States

**BILL TO:**
PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:**     030427091

| SUPPLIER NO. | PROJECT # | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 53780 | 22791 | 23-APR-04   Maxwell, L | 14-OCT-04   Maxwell, L |

| PAYMENT TERMS | SHIP METHOD | F.O.B |
|---|---|---|
| Net 30 | | FOB DESTINATION |

| FREIGHT TERMS | REQUESTOR/DELIVERY | CONFIRM TO/TELEPHONE |
|---|---|---|
| | Bell, Troy | (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | CHAPEL CHURCH - ANTENNA & LINE INSTALLATION PER SCOPE OF WORK<br>o SHIP TO:<br> Address at top of page | 23-APR-04 | | | | 3,944.15 | Y |

For questions regarding this PO, please contact your Project Manager

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

| TOTAL | 3,944.15 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.
2. TIME. Time is of the essence of this Order.
3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.
4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.
6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended; and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.
7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.
9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.
10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.
11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.
12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.
14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.
15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.
17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.
18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.
19. TITLE AND RISK OF LOSS. Title and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.
21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.
22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.
23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.
24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.
25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.
26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.
27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
**3200 Cobb Galleria Parkway, Suite 205**
**Atlanta, GA 30339**
**PH: 770.953.9400 FAX: 770.859.9812**

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| **50639** | 0 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:

19951 W. 162nd Street
Olathe, KS 66062
United States

BILL TO: PO BOX 724267
Atlanta, GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 22680 | DATE OF ORDER/BUYER 04-MAR-04  Cole, T | REVISED DATE/BUYER |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Westberry, James E | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 22680 antenna and lines China Wok o SHIP TO: Address at top of page | 04-MAR-04 | | | | 4,550.00 | Y |
| 2 | deliver site close out documents as required for work in line 1 o SHIP TO: Address at top of page | 04-MAR-04 | | | | 975.00 | Y |
| 3 | final punch list completion, site acceptance and cleanup o SHIP TO: Address at top of page | 04-MAR-04 | | | | 975.00 | Y |

| For questions regarding this PO, please contact your Project Manager | TOTAL | 6,500.00 |
|---|---|---|

**This document was duplicated electronically and faxed to the number listed below**
**Supplier Fax#:  (319) 232-6774**

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC TOWER**
SERVICES, INC.™

ATC Construction Services
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| PURCHASE ORDER | | |
|---|---|---|
| PURCHASE ORDER NUMBER **52365** | REVISION **1** | PAGE **1 of 1** |
| This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence. | | |

SHIP TO:
4540 Old Tampa Highway
Kissimmee,FL 34746
United States

BILL TO: PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 22799 | DATE OF ORDER/BUYER 25-MAR-04   Maxwell, L | REVISED DATE/BUYER 18-AUG-04   Maxwell, L |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Bell, Troy | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Claiborne Bch - Remove existing lines, antennas, & mounts @ 270' and install mounts, (9) antennas & lines, ground, terminate, and sweep. Install and route jumpers, diplexers or Bias T's inside shelter & sweep<br>o SHIP TO:<br>  Address at top of page | 25-MAR-04 | | | | 3,450.00 | Y |

For questions regarding this PO, please contact your Project Manager

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 3,450.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.
2. TIME. Time is of the essence of this Order.
3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.
4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.
6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.
7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.
9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.
10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.
11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.
12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.
14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.
15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.
17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.
18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.
19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.
21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.
22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.
23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.
24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.
25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.
26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.
27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments herein issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 52634 | 0 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
306 Woodland Drive
La Place, LA 70068
United States

**BILL TO:**
PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:**   030427091

| SUPPLIER NO. 53780 | PROJECT # 22840 | DATE OF ORDER/BUYER 30-MAR-04   Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Merritt, Carl | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Site prep, grounding and utilities o SHIP TO: Address at top of page | 29-MAR-04 | | | | 13,860.00 | Y |
| 2 | Tower and euqipment installation o SHIP TO: Address at top of page | 29-MAR-04 | | | | 2,970.00 | Y |
| 3 | provide close out documents and warranty work as needed o SHIP TO: Address at top of page | 29-MAR-04 | | | | 2,970.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 19,800.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT.  This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME.  Time is of the essence of this Order.

3. ACCEPTANCE.  This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller.  No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS.  As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION.  Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein.  Payment for goods shall not constitute acceptance.

6. WARRANTIES.  (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered.  The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS.  In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING.  Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein.  Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful.  Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES.  ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages.  In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted.  Any increase in the price of the goods resulting from a revision is subject to the approval of ATC.  Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof.  Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY.  ATC may terminate this Purchase Order in whole or in part by written notice:  (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES.  Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT.  A separate invoice shall be issued for each shipment.  Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice.  Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed.  Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT.  Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY.  Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto.  Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT.  Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY.  The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith.  If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES.  Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY.  Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS.  Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES.  Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein.  All taxes shall be listed separately on Seller's invoice.  If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES.  Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction.  Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS.  Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW.  This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY.  If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK.  Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires.  Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid.  Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS.  A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect.  The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the Code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable.  When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER.  By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


**ATC TOWER**
SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| PURCHASE ORDER | | |
|---|---|---|
| PURCHASE ORDER NUMBER<br>**52812** | REVISION<br>0 | PAGE<br>1 of 1 |

This Purchase Order Number must appear on all
order acknowledgements, packing lists, cartons,
and correspondence.

SHIP TO:
306 Woodland Drive
La Place, LA 70068
United States

BILL TO:    PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO.<br>53780 | PROJECT #<br>22842 | DATE OF ORDER/BUYER<br>01-APR-04   Maxwell, L | REVISED DATE/BUYER<br>. |
|---|---|---|---|
| PAYMENT TERMS<br>Net 30 | | SHIP METHOD | F.O.B<br>FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY<br>Merritt, Carl | CONFIRM TO/TELEPHONE<br>(866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Antenna and line<br>installation<br>o SHIP TO:<br>   Address at top of page | 30-MAR-04 | | | | 7,000.00 | Y |

For questions regarding this PO, please contact your Project Manager

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | **7,000.00** |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 55437 | 3 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
11312 S. Pipeline Road
2nd Floor
Euless, TX 76040
United States

**BILL TO:**
PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:**   030427091

| SUPPLIER NO. 53780 | PROJECT # 23651 | DATE OF ORDER/BUYER 11-MAY-04   Maxwell, L | REVISED DATE/BUYER 14-SEP-04    Maxwell, L |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Rodriguez, Jose (Victo | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | A. 4462 FM740/FM460 - Provide and install ice bridge, grounding electrical, telco, equip slab, set cabinets, install antenna & lines All work shall conform to the scope, specifications, and documentation for BECHTEL CINGULAR on site 4462 FM740/FM460.  These documents were provided separately, but are incorporated herein by reference and supercede the supplier's quotation. o SHIP TO:   Address at top of page | 10-MAY-04 | | | | 6,400.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 6,400.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

| PURCHASE ORDER | | |
|---|---|---|
| **PURCHASE ORDER NUMBER** | **REVISION** | **PAGE** |
| 53776 | 1 | 1 of 1 |
| This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence. | | |

**SHIP TO:**
6706 N. 9th Avenue, Suite B5
Pensacola,FL 32503
United States

**BILL TO:** PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:** 030427091

**VENDOR:**

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| SUPPLIER NO. 53780 | PROJECT # 22793 | DATE OF ORDER/BUYER 16-APR-04    Maxwell, L | REVISED DATE/BUYER . 21-SEP-04    Maxwell, L |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Bell, Troy | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | FOWL RIVER - REMOVE EXISTING LINES, ANTENNAS & MOUNTS @ 300' AND INSTALL MOUNTS, 9 ANTENNAS & LINES, GROUND, TERMINATE & SWEEP; INSTALL & ROUTE JUMPERS, DIPLEXERS OF BIAS T'S INSIDE SHELTER AND SWEEP<br>o SHIP TO:<br>  Address at top of page | 15-APR-04 | | | | 14,400.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| **TOTAL** | **14,400.00** |
|---|---|
| | |
| AUTHORIZED SIGNATURE | |

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC TOWER**
SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| PURCHASE ORDER | | |
|---|---|---|
| PURCHASE ORDER NUMBER | REVISION | PAGE |
| 50637 | 3 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

SHIP TO:
19951 W. 162nd Street
Olathe,KS 66062
United States

BILL TO:  PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 21785 | DATE OF ORDER/BUYER 04-MAR-04    Cole, T | REVISED DATE/BUYER 23-SEP-04    Cole, T |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Westberry, James E | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 21785 civil electric antenna and lines Graytak o SHIP TO: Address at top of page | 04-MAR-04 | | | | 195.00 | Y |

For questions regarding this PO, please contact your Project Manager

This document was duplicated electronically and faxed to the number listed below
Supplier Fax#:  (319) 232-6774

| TOTAL | 195.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part hereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 54855 | 0 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

SHIP TO:

306 Woodland Drive
La Place,LA 70068
United States

BILL TO:   PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 22768 | DATE OF ORDER/BUYER 03-MAY-04   Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Merritt, Carl | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Antenna and line installation<br>o SHIP TO:<br>   Address at top of page | 29-APR-04 | | | | 9,000.00 | Y |

For questions regarding this PO, please contact your Project Manager

| | **TOTAL** | **9,000.00** |
|---|---|---|

This document was duplicated electronically and faxed to the number listed below
Supplier Fax#:  (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, than Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments herein issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


**ATC TOWER**
SERVICES, INC.™

ATC Construction Services
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

    JLB CONSTRUCTION INC
    2327 FALLS AVENUE
    SUITE 4
    WATERLOO, IA 50701
    United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 52635 | 0 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:
    306 Woodland Drive
    La Place, LA 70068
    United States

BILL TO:  PO BOX 724267
    Atlanta ,GA 31139
    United States

FED ID #:   030427091

| SUPPLIER NO. | PROJECT # | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 53780 | 22847 | 30-MAR-04   Maxwell, L | |

| PAYMENT TERMS | SHIP METHOD | F.O.B |
|---|---|---|
| Net 30 | | FOB DESTINATION |

| FREIGHT TERMS | REQUESTOR/DELIVERY | CONFIRM TO/TELEPHONE |
|---|---|---|
| | Merritt, Carl | (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | antenna and line installation<br>o SHIP TO:<br>  Address at top of page | 29-MAR-04 | | | | 6,000.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

| TOTAL | 6,000.00 |
|---|---|

_____
AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.
2. TIME. Time is of the essence of this Order.
3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.
4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.
6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.
7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.
9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.
10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.
11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.
12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.
14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.
15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.
17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.
18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.
19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.
21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.
22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.
23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.
24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.
25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.
26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.
27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
**3200 Cobb Galleria Parkway, Suite 205**
**Atlanta, GA 30339**
**PH: 770.953.9400 FAX: 770.859.9812**

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 50271 | 0 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:
4540 Old Tampa Highway
Kissimmee,FL 34746
United States

BILL TO:   PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:   030427091

| SUPPLIER NO. 53780 | PROJECT # 22186 | DATE OF ORDER/BUYER 27-FEB-04    Cole, T | REVISED DATE/BUYER . |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Whitney, Roman | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Wesley Chapel T114 - Provide only labor to install (3) lines, swap out antennas, pre-sweep, final sweep, terminate and ground<br>o SHIP TO:<br>   Address at top of page | 27-FEB-04 | | | | 5,000.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

| TOTAL | 5,000.00 |
|---|---|

**This document was duplicated electronically and faxed to the number listed below**
**Supplier Fax#:  (319) 232-6774**

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, ATC assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

**ATC TOWER**
SERVICES, INC.™

ATC Construction Services
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 49841 | 1 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

SHIP TO:
4540 Old Tampa Highway
Kissimmee,FL 34746
United States

BILL TO:  PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:     030427091

| SUPPLIER NO. 53780 | PROJECT # 22160 | DATE OF ORDER/BUYER 20-FEB-04    Pratt, P | REVISED DATE/BUYER 09-SEP-04    Pratt, P |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Newlin, Jerry | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Lake L034 - provide labor only to install (3) lines, swap out antennas, pre-sweep, sweep, terminate & ground<br>o SHIP TO:<br>  Address at top of page | 20-FEB-04 | | | | 1,200.00 | Y |

For questions regarding this PO, please contact your Project Manager

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

| TOTAL | 1,200.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

**VENDOR:**

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 49840 | 1 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
4540 Old Tampa Highway
Kissimmee,FL 34746
United States

**BILL TO:** PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:**    030427091

| SUPPLIER NO. 53780 | PROJECT # 22163 | DATE OF ORDER/BUYER 20-FEB-04    Pratt, P | REVISED DATE/BUYER 09-SEP-04    Pratt, P |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Newlin, Jerry | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Lutz T031 - provide only labor to install (3) lines, swap out antennas, pre-sweep, sweep, terminate & ground<br>o SHIP TO:<br>   Address at top of page | 20-FEB-04 | | | | 1,200.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

| TOTAL | 1,200.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the Code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


**ATC TOWER**
SERVICES, INC.™

| | PURCHASE ORDER | | |
|---|---|---|---|
| PURCHASE ORDER NUMBER<br>**53334** | | REVISION<br>2 | PAGE<br>1 of 1 |

This Purchase Order Number must appear on all
order acknowledgements, packing lists, cartons,
and correspondence.

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

SHIP TO:

6706 N. 9th Avenue, Suite B5
Pensacola,FL 32503
United States

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

BILL TO: PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO.<br>53780 | PROJECT #<br>22794 | DATE OF ORDER/BUYER<br>09-APR-04    Pratt, P | REVISED DATE/BUYER<br>07-SEP-04    Pratt, P |
|---|---|---|---|
| PAYMENT TERMS<br>Net 30 | | SHIP METHOD | F.O.B<br>FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY<br>Bell, Troy | CONFIRM TO/TELEPHONE<br>(866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | MAUVILLA - REMOVE<br>EXISTING LINES,<br>ANTENNAS & MOUNTS @<br>270' AND INSTALL<br>MOUNTS, 9 ANT & LINES,<br>GROUND, TERMINATE &<br>SWEEP.  INSTALL & ROUTE<br>JUMPERS, DIPLEXERS OR<br>BIAS T'S INSIDE SHELTER<br>& SWEEP<br>o SHIP TO:<br>   Address at top of page | 08-APR-04 | | | | 5,174.55 | Y |

| For questions regarding this PO, please contact your Project Manager | TOTAL | 5,174.55 |
|---|---|---|

This document was duplicated electronically and faxed to the number listed below
Supplier Fax#: (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 53781 | 1 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

SHIP TO:
6706 N. 9th Avenue, Suite B5
Pensacola, FL 32503
United States

BILL TO:    PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. | PROJECT # | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 53780 | 22886 | 16-APR-04    Maxwell, L | ⸱ 18-AUG-04    Maxwell, L |

| PAYMENT TERMS | SHIP METHOD | F.O.B |
|---|---|---|
| Net 30 | | FOB DESTINATION |

| FREIGHT TERMS | REQUESTOR/DELIVERY | CONFIRM TO/TELEPHONE |
|---|---|---|
| | Bell, Troy | (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | MILTON EAST - INSTALL 3 LINES & DWAP OUT EXISTING ANTENNA'S, PRE-SWEEPING/SWEEPING OF SYSTEM, ROUTE JUMPERS INSIDE SHELTER, AND INSTALL DIPLEXERS OR BIAS T'S<br>o SHIP TO:<br>   Address at top of page | 15-APR-04 | | | | 2,500.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 2,500.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


**ATC TOWER**
SERVICES, INC.™

ATC Construction Services
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| **PURCHASE ORDER** | | |
|---|---|---|
| PURCHASE ORDER NUMBER **50640** | REVISION 0 | PAGE 1 of 1 |
| This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence. | | |

SHIP TO:
19951 W. 162nd Street
Olathe, KS 66062
United States

BILL TO: PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 21735 | DATE OF ORDER/BUYER 04-MAR-04    Cole, T | REVISED DATE/BUYER |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Westberry, James E | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 21735 antenna and lines Temple Church o SHIP TO: Address at top of page | 04-MAR-04 | | | | 5,950.00 | Y |
| 2 | 21735 deliver site close out documents as required for work in line 1 o SHIP TO: Address at top of page | 04-MAR-04 | | | | 1,275.00 | Y |
| 3 | 21735 final punch list completion, site acceptance and cleanup o SHIP TO: Address at top of page | 04-MAR-04 | | | | 1,275.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 8,500.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT.  This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME.  Time is of the essence of this Order.

3. ACCEPTANCE.  This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller.  No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS.  As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION.  Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein.  Payment for goods shall not constitute acceptance.

6. WARRANTIES.  (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered.  The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS.  In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING.  Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein.  Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful.  Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES.  ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages.  In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted.  Any increase in the price of the goods resulting from a revision is subject to the approval of ATC.  Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof.  Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY.  ATC may terminate this Purchase Order in whole or in part by written notice:  (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES.  Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT.  A separate invoice shall be issued for each shipment.  Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice.  Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed.  Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT.  Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY.  Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto.  Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT.  Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY.  The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES.  Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY.  Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS.  Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES.  Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein.  All taxes shall be listed separately on Seller's invoice.  If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES.  Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction.  Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS.  Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW.  This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY.  If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK.  Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires.  Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid.  Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS.  A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect.  The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 60-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER.  By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


**ATC TOWER**
SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 56183 | 3 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:

11312 S. Pipeline Road
2nd Floor
Euless, TX 76040
United States

BILL TO:  PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:  030427091

| SUPPLIER NO. 53780 | PROJECT # 23649 | DATE OF ORDER/BUYER 20-MAY-04    Maxwell, L | REVISED DATE/BUYER 14-SEP-04    Maxwell, L |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Rodriguez, Jose (Victo | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | A. 5250 FM1275/FM1878 - Provide & install ice bridge, grounding electrical, telco, shelter foundation, set shelter, install antenna & lines in accordance with drawings<br>All work shall conform to the scope, specifications, and documentation for BECHTEL CINGULAR on site 5250 FM1275/FM1878.  These documents were provided separately, but are incorporated herein by reference and supercede the supplier's quotation.<br>o SHIP TO:<br> Address at top of page | 19-MAY-04 | | | | 4,797.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

| TOTAL | 4,797.00 |
|---|---|

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



**ATC TOWER**
SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| PURCHASE ORDER | | |
|---|---|---|
| PURCHASE ORDER NUMBER **53233** | REVISION 0 | PAGE 1 of 1 |
| This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence. | | |

SHIP TO:
    19951 W. 162nd Street
    Olathe, KS 66062
    United States

BILL TO:  PO BOX 724267
    Atlanta ,GA 31139
    United States

FED ID #:   030427091

| SUPPLIER NO. 53780 | PROJECT # 21765 | DATE OF ORDER/BUYER 08-APR-04    Pratt, P | REVISED DATE/BUYER |
|---|---|---|---|
| PAYMENT TERMS Net 30 | SHIP METHOD | | F.O.B FOB DESTINATION |
| FREIGHT TERMS | REQUESTOR/DELIVERY Westberry, James E | | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 1-21765 civil and electric Nordyne o SHIP TO: Address at top of page | 08-APR-04 | | | | 9,170.00 | Y |
| 2 | 2- final punch list completion, sit acceptance and cleanup o SHIP TO: Address at top of page | 08-APR-04 | | | | 1,965.00 | Y |
| 3 | 3-deliver site close out documents for work required in line 1 o SHIP TO: Address at top of page | 08-APR-04 | | | | 1,965.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

| TOTAL | 13,100.00 |
|---|---|

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.



# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

**VENDOR:**

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 51646 | 0 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
4540 Old Tampa Highway
Kissimmee, FL 34746
United States

**BILL TO:** PO BOX 724267
Atlanta, GA 31139
United States

**FED ID #:**   030427091

| SUPPLIER NO. 53780 | PROJECT # 22535 | DATE OF ORDER/BUYER 17-MAR-04    Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Whitney, Roman | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Plant City T038 - provide only labor to install 3 lines, swap out antennas, presweep, sweep, terminate and ground o SHIP TO: Address at top of page | 17-MAR-04 | | | | 2,500.00 | Y |

**For questions regarding this PO, please contact Maxwell, L at**

| | |
|---|---|
| **TOTAL** | **2,500.00** |

**This document was duplicated electronically and faxed to the number listed below**
 Supplier Fax#:  (319) 232-6774

AUTHORIZED SIGNATURE

**Please refer to the following page for the Terms and Conditions of this Purchase Order**

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.
2. TIME. Time is of the essence of this Order.
3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.
4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.
6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.
(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.
(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.
(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.
(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.
(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.
7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.
9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.
10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.
11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.
12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.
14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.
15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.
17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.
18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.
19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.
21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.
22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.
23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.
24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.
25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.
26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.
27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.


# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

# PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| **50642** | 0 | 1 of 1 |

**This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.**

SHIP TO:

19951 W. 162nd Street
Olathe, KS 66062
United States

BILL TO:  PO BOX 724267
Atlanta, GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 22552 | DATE OF ORDER/BUYER 04-MAR-04    Cole, T | REVISED DATE/BUYER |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B  FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Westberry, James E | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 22552 antenna and lines Roofer Supply o SHIP TO: Address at top of page | 04-MAR-04 | | | | 5,950.00 | Y |
| 2 | 22552 deliver site close out documents as required for the work in line 1 o SHIP TO: Address at top of page | 04-MAR-04 | | | | 1,275.00 | Y |
| 3 | 22552 final punch list completion, site acceptance and cleanup o SHIP TO: Address at top of page | 04-MAR-04 | | | | 1,275.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

| TOTAL | 8,500.00 |
|---|---|

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order
as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the Code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
### SERVICES, INC.™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

**VENDOR:**

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 52632 | 0 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:**
306 Woodland Drive
La Place, LA 70068
United States

**BILL TO:** PO BOX 724267
Atlanta ,GA 31139
United States

**FED ID #:** 030427091

| SUPPLIER NO. 53780 | PROJECT # 22770 | DATE OF ORDER/BUYER 30-MAR-04    Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| **PAYMENT TERMS** Net 30 | | **SHIP METHOD** | **F.O.B** FOB DESTINATION |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** Merritt, Carl | **CONFIRM TO/TELEPHONE** (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | Civil, Site Prep/ fencing, Grounding, Utilities o SHIP TO: Address at top of page | 29-MAR-04 | | | | 17,500.00 | Y |
| 2 | Tower and Equipment INstallation o SHIP TO: Address at top of page | 29-MAR-04 | | | | 3,750.00 | Y |
| 3 | provide close out documentation and warranty work as needed o SHIP TO: Address at top of page | 29-MAR-04 | | | | 3,750.00 | Y |

**For questions regarding this PO, please contact your Project Manager**

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#:  (319) 232-6774

| TOTAL | 25,000.00 |
|---|---|

**AUTHORIZED SIGNATURE**

**Please refer to the following page for the Terms and Conditions of this Purchase Order**

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
S E R V I C E S , I N C .™

**ATC Construction Services**
3200 Cobb Galleria Parkway, Suite 205
Atlanta, GA 30339
PH: 770.953.9400 FAX: 770.859.9812

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 54488 | 0 | 1 of 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

SHIP TO:

306 Woodland Drive
La Place,LA 70068
United States

BILL TO: PO BOX 724267
Atlanta ,GA 31139
United States

FED ID #:    030427091

| SUPPLIER NO. 53780 | PROJECT # 23211 | DATE OF ORDER/BUYER 27-APR-04    Maxwell, L | REVISED DATE/BUYER |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Huddleston, Richard M. | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | tower modifications<br>o SHIP TO:<br>   Address at top of page | 27-APR-04 | | | | 10,155.00 | Y |

For questions regarding this PO, please contact your Project Manager

| TOTAL | 10,155.00 |
|---|---|

This document was duplicated electronically and faxed to the number listed below
Supplier Fax#:  (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract, then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.

# ATC TOWER
## SERVICES, INC.™

**ATC Construction Services**
**3200 Cobb Galleria Parkway, Suite 205**
**Atlanta, GA 30339**
**PH: 770.953.9400 FAX: 770.859.9812**

VENDOR:

JLB CONSTRUCTION INC
2327 FALLS AVENUE
SUITE 4
WATERLOO, IA 50701
United States

| PURCHASE ORDER | | |
|---|---|---|
| **PURCHASE ORDER NUMBER** | **REVISION** | **PAGE** |
| 54316 | 1 | 1 of 1 |
| **This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.** | | |

SHIP TO:
6706 N. 9th Avenue, Suite B5
Pensacola, FL 32503
United States

BILL TO: PO BOX 724267
Atlanta, GA 31139
United States

FED ID #: 030427091

| SUPPLIER NO. 53780 | PROJECT # 23061 | DATE OF ORDER/BUYER 23-APR-04    Maxwell, L | REVISED DATE/BUYER 27-SEP-04    Maxwell, L |
|---|---|---|---|
| PAYMENT TERMS Net 30 | | SHIP METHOD | F.O.B FOB DESTINATION |
| FREIGHT TERMS | | REQUESTOR/DELIVERY Bell, Troy | CONFIRM TO/TELEPHONE (866) 234-6704 |

| ITEM | PART NUMBER/DESCRIPTION | DELIVERY DATE | QUANTITY | UOM | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | UWF HOSPITAL - PERFORM TURN KEY INSTALLATION CONSISTING OF ELECTRICAL, GROUNDING, SLAB EXTENSION, AND A&L WORK<br>o SHIP TO:<br>   Address at top of page | 23-APR-04 | | | | 5,023.34 | Y |

**For questions regarding this PO, please contact your Project Manager**

| TOTAL | 5,023.34 |
|---|---|

**This document was duplicated electronically and faxed to the number listed below**
Supplier Fax#: (319) 232-6774

AUTHORIZED SIGNATURE

Please refer to the following page for the Terms and Conditions of this Purchase Order

1. AGREEMENT. This Purchase Order (Order), including the terms and conditions on the face and reverse side hereof and any attachments hereto, contains the complete agreement between American Tower, Inc. (ATC) and the Seller and supersedes all prior agreements.

2. TIME. Time is of the essence of this Order.

3. ACCEPTANCE. This Order shall be acknowledged and becomes a binding contract subject to the terms set forth herein when acknowledged in writing or upon commencement of performance by Seller. No change in the Order shall be valid unless agreed to in writing and signed by an authorized representative of ATC.

4. DEFINITIONS. As used herein, the term "contract" shall mean this Order, and the term "goods" shall mean and include all supplies, materials, work, services, equipment or other items whatsoever to be furnished by Seller under this Order.

5. INSPECTION. Notwithstanding any prior inspection or test, payment or receiving document, goods are subject to final inspection and acceptance at the destination for delivery stated herein. Payment for goods shall not constitute acceptance.

6. WARRANTIES. (a) Notwithstanding inspection and acceptance by ATC of goods furnished under this Order or any provision of this Order concerning the conclusiveness thereof, Seller warrants that all goods furnished will be merchantable quality, will be fit for the purpose intended, and will be free from defects in material, workmanship and design, and conform in all aspects with the specifications and requirements of this Order.

(b) Seller further warrants that all material and equipment furnished will be of the highest workmanlike quality and acceptable to ATC.

(c) All Warranties hereunder shall be for a period of one (1) year from the date of delivery or the placement in service of the goods, whichever is later, and shall be warranties of future performance for each warranty year.

(e) In the event of a breach of warranty hereunder, ATC may, at no increase in Order price or other cost to ATC, either: (1) require the prompt correction or replacement of defective or otherwise nonconforming goods or parts thereof, along with such new or revised data as is associated with the corrective action taken; or (2) retain such goods, whereupon the price thereof shall be reduced by an amount equitable under the circumstances; or (3) correct or replace such goods with similar goods, by contract or otherwise, and charge to Seller for all additional costs caused thereby to ATC.

(f) Any goods or parts thereof corrected or furnished in replacement pursuant to this clause shall be subject to all the provisions of this clause to the same extent as goods initially delivered. The warranty with respect to such goods or parts thereof shall be equal in duration to the initial warranty period and shall run from the date of delivery or placement in service of such corrected or replaced goods, whichever is later.

(g) ATC approval of Seller-generated designs, drawings or other technical documents shall in no way relieve Seller of its obligations under this or any other clause of this Order.

7. UNDERTAKINGS. In all cases wherein ATC is a prime or subcontractor to an Owner and the items hereunder are required by the Prime Contract. then Seller undertakes to ATC all obligations with respect to the items as ATC as subcontractor or as prime contractor, as the case may be, undertakes to the prime contractor or the Owner.

8. SCHEDULE & EXPEDITING. Seller shall keep ATC informed as to the status of the items hereunder and Seller's schedule of activities to assure delivery by the time required herein. Without any responsibility to do so, ATC reserves the right to take steps to expedite acquisition, production and/or shipment of the items, if, in ATC's sole judgment, delivery of the completed items by the date required becomes doubtful. Seller shall reimburse ATC for all costs it may incur in expediting acquisition, production or shipment of the items.

9. CHANGES. ATC reserves the right at any time prior to delivery, by written order, to cancel, suspend, revise or change the goods or quantity of goods to be furnished by Seller hereunder, and in no event shall ATC be responsible for loss of anticipated profits or consequential damages. In the event of a revision to this Order by ATC, ATC shall be responsible only for the price of the goods accepted. Any increase in the price of the goods resulting from a revision is subject to the approval of ATC. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" clause hereof. Pending resolution of the dispute, the Seller shall not be excused from proceeding with the order as changed.

10. BANKRUPTCY. ATC may terminate this Purchase Order in whole or in part by written notice: (a) if the Seller shall become insolvent or make a general assignment for the benefit of creditors; or (b) if a petition under any bankruptcy act or similar statute is filed by or against the Seller and is not vacated within ten (10) days after it is filed.

11. PRICES. Seller warrants that the prices of the items covered by this Order are not in excess of Seller's lowest prices in effect on the date of this Order for comparable quantities of similar items or services, and are not in excess of prices charged by Seller for similar items to Seller's most favored customers.

12. INVOICING AND PAYMENT. A separate invoice shall be issued for each shipment. Unless otherwise specified, an invoice shall not be issued prior to shipment of items and payment will not be made prior to receipt and acceptance of the items and a correct invoice. Credit and discount periods shall be computed from the date of receipt of the correct invoice to the date ATC's check is mailed. Unless freight and other charges are separately itemized, discount shall be taken on full amount of invoice.

13. ASSIGNMENT. Neither this Order nor any interest herein nor claim thereunder shall be assigned or transferred by Seller, except as expressly authorized in writing by ATC.

14. ADVERTISING AND PUBLICITY. Seller shall not, without written consent of ATC, publish the fact that ATC has placed this order with Seller, or release any information relative thereto. Seller shall not use the name of ATC or its parent organization, American Tower, Inc., or affiliates in any advertising or promotional literature.

15. PATENT INFRINGEMENT. Seller agrees to indemnify, defend and hold harmless ATC, its officers, agents, employees, successors and assigns against loss, damage or liability, including costs, expenses and attorney's fees on account of any suit, claim, judgment or demand involving the alleged infringement of any patent rights in the manufacture, delivery, use or disposition of any item or material supplied hereunder.

16. INDEMNITY. The Seller shall defend, save and hold ATC harmless from and against all suits or claims arising out of or relating to manuals, writings or the design of the goods furnished hereunder whether based upon any alleged injury to or death of any persons or damage to property that may occur, or that may be alleged to have occurred in the course of the performance of the work or thereafter, whether such claims shall be made by an employee of the Seller, or by any other person. The Seller shall, at its own cost and expense, pay all costs incurred by ATC in connection therewith. If any judgment shall be rendered against ATC in any such action, the Seller shall satisfy and discharge the same without cost or expense to ATC.

17. CONSEQUENTIAL DAMAGES. Notwithstanding any other provision herein, ATC shall under no circumstances be responsible to Seller for any consequential, indirect or special damages.

18. DELIVERY. Delivery shall be to the project site Free on Board (F.O.B.) unless otherwise designated in this Order.

19. TITLE AND RISK OF LOSS. Title to and risk of loss on all goods shipped by Seller to ATC shall not pass to ATC until ATC inspects and accepts such goods at the location designated by ATC.

20. TAXES. Except as otherwise provided in this Order, the prices herein include all federal, state and local taxes applicable to the goods purchased herein. All taxes shall be listed separately on Seller's invoice. If not listed, Seller assumes responsibility for their payment and shall indemnify and hold ATC harmless from all tax liability arising out of or related to the Order.

21. DISPUTES. Either party may litigate any dispute arising under or related to this Order or the breach thereof in a court of competent jurisdiction. Pending settlement of any such dispute by agreement or a final judgment, Seller shall proceed diligently with the performance hereof according to ATC's direction.

22. COMPLIANCE WITH LAWS. Seller agrees to comply with all applicable local, state and federal laws and executive orders and regulations issued pursuant thereto and agrees to indemnify ATC against any liability, loss, cost, damage or expense by reason of Seller's violation of this provision.

23. GOVERNING LAW. This Order shall be governed by the laws of the Commonwealth of Massachusetts.

24. SEVERABILITY. If any provision of this Order, or any part thereof, shall be invalid or unenforceable, such provision or part shall be deemed severed, and the remainder hereof shall be given full force and effect.

25. GOVERNMENT WORK. Seller agrees that any part of the articles or work hereby ordered which is intended for use on Government work shall, at all times, be subject to such changes, suspensions, terminations, and cancellation of the uncompleted portion as the Government requires. Seller shall not be entitled to any additional compensation for complying with such acts by the Government unless compensation is paid by the Government to the prime contractor for Seller's additional costs, and only to the extent compensation is so paid. Seller agrees to comply with all applicable statutes and valid governmental rules, regulations, requirements, provisions and conditions required by law to be included in this order, which are expressly incorporated herein.

26. MISCELLANEOUS PROVISIONS. A Seller shall comply with the Fair Labor Standards Act, particularly sections 6, 7 and 12 thereof, and all other applicable Federal, state and local laws, regulations and orders and shall, upon request, furnish to Buyer a certificate to such effect. The Equal Opportunity clause in Title 41, Part 60-1.4 of the Code of Federal Regulations (Paragraphs 1 through 7 of President's Executive Order 11246), the Employment of the Handicapped clause in Title 20, Part 741.3 of the Code of Federal Regulations, listing of Employment Openings for Veterans clause in Title 41, Part 50-250.2, of the code of Federal Regulations and Disabled Veterans and Veterans of the Vietnam Era Clause in Title 41, Part 60-250, of the Code of Federal Regulations are incorporated herein by reference if and to the extent applicable. When applicable, Seller shall not discriminate against any employee or applicant for employment because of physical or mental handicap; and shall establish an affirmative action program applicable thereto, all as set forth in Part 741, Subchapter C, Chapter VI, Title 20 of the Code of Federal Regulations.

27. ACCEPTANCE OF ORDER. By accepting this Order, Seller accepts all terms and conditions printed on both the face and reverse side hereof, and to all riders and attachments hereto issued by ATC, notwithstanding any proposal of the Seller for additional or different terms which shall not become part of this Order unless expressly agreed to in writing by ATC.