UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN TOWER CORPORATION<br>Plaintiff,<br><br>v.<br><br>J.L.B. CONSTRUCTION, INC., 21st CAPITAL CORPORATION, PRIME COMMUNICATIONS, LLC, AMF ELECTRICAL CONTRACTORS, INC., HENIZ CORPORATION, DANIEL WENESS CONSTRUCTION, WESTERN STATES TOWERS, LLC, WEST CENTRAL CONSULTING SERVICES, INC., STEWART ELECTRIC, INC., GLOBAL TOWER SERVICE, ADVANCED LIGHTING TECHNOLOGY, INC., and GULF COAST STEEPLEJACK,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 04-12317-WGY |

## DEFENDANT J.L.B. CONSTRUCTION, INC.'S MOTION TO REMOVE ENTRY OF DEFAULT

Defendant J.L.B. Construction, Inc. ("JLB"), pursuant to Fed. R. Civ. P. 55(c), hereby moves this Court to remove the entry of default that entered on April 6, 2005 and for leave to file an Answer to the Complaint filed by Plaintiff American Tower Corporation. In support of this Motion, JLB states as follows:

    1. Rule 55(c) provides that the Court may set aside an entry of default "for good cause." Default has been deemed an "extreme sanction," and is "a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 275 (2d Cir. 1981); see also Peterson v. Term Taxi, Inc., 429 F.2d 888, 890-892 (2d Cir. 1970). While the Court may consider a variety of factors in determining whether to set aside a default, the First Circuit routinely considers the following seven factors: (1) whether the default was willful; (2) whether setting it aside would

prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default].  See KPS & Associates, Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003); McKinnon v. Kwong Wah Restaurant, 83 F.3d 498 (1st Cir. 1996).  See also Smith & Zobel, Rules Practice, §55.8 (1977).

  2.  The fact that Plaintiff will be forced to try this case on its merits if this Motion is granted, does not constitute unfair prejudice to Plaintiff.  See Reynolds Aluminum Building Products Co. v. Leonard, 395 Mass. 255, 260 (1985) (interpreting Mass. Rule Civ. P. 55, the language of which is identical to Fed. Rule Civ. P. 55); Mitchell v. Eaves, 24 F.R.D. 434, 435 (E.D. Tenn. 1959).

  3.  JLB has meritorious defenses to this action, and will be substantially prejudiced if not allowed to defend itself in this action.

  4.  JLB's failure to answer Plaintiff's Complaint was inadvertent, unintentional and was the result of excusable neglect.  JLB attempted to answer the Complaint, but that Answer was stricken because JLB was not represented by counsel (See Affidavit of Jason L. Bentley at ¶¶ 3-4, attached hereto as **Exhibit A**).  JLB never learned that its Answer had been stricken and that it had been defaulted until it finally was able to retain counsel in connection with the Court-related mediation, which is to occur on May 9, 2005 (See id. at ¶¶ 5 and 9-10).  Furthermore, JLB was not aware, until it recently retained the services of counsel, that default had been entered against it.  (See id. at ¶ 9).

  5.  The timing of this Motion appropriately coincides with JLB's retention of counsel in this matter, as one of the initial steps that JLB's counsel took in its representation of JLB was to draft and file this Motion.

6. Counsel for Plaintiff has communicated to counsel for JLB that Plaintiff does not intend to oppose this Motion.

7. Given the countervailing equities of no unfair prejudice to Plaintiff, JLB's excusable neglect, and the importance of granting all parties an opportunity to have their day in court, JLB's Motion to Remove the Entry of Default should be allowed, the entry of default should be lifted, and the Court should allow JLB to file an Answer.

WHEREFORE, Defendant JLB Construction, Inc. respectfully requests that the Court grant this Motion and enter an Order removing the default entered on April 6, 2005, thus permitting JLB to file an Answer.

J.L.B. CONSTRUCTION, INC.,

By its attorneys,

Dated: May 5, 2005

/s/ Jason W. Morgan
Jason W. Morgan (BBO#633802)
e-mail: jmorgan@dhtmlaw.com
Michael D. Williams (BBO#654149)
e-mail: mwilliams@dhtmlaw.com
**DROHAN, HUGHES, TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, MA  02043
Phone: (781) 749-7200
Fax:    (781) 740-4335

**CERTIFICATE OF SERVICE**

I, Michael D. Williams, hereby certify that on May 5, 2005, I served a true and correct copy of the foregoing by first class mail, postage prepaid, upon all counsel who have filed appearances in this action.

/s/ Michael D. Williams
Michael D. Williams

3