UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-12317WGY

| |
|---|
| AMERICAN TOWER CORPORATION,<br>Plaintiff,<br><br>v.<br><br>J.L.B. CONSTRUCTION, INC., 21ST CAPITAL CORPORATION, PRIME COMMUNICATIONS, LLC, AMF ELECTRICAL CONTRACTORS, INC., HEINZ CORPORATION, DANIEL WENESS CONSTRUCTION, WESTERN STATES TOWER, LLC, WEST CENTRAL CONSULTING SERVICES, INC., STEWART ELECTRIC, INC., GLOBAL TOWER SERVICE, ADVANCED LIGHTNING TECHNOLOGY, INC. and GULF COAST STEEPLEJACK,<br>Defendants. |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, the Plaintiff American Tower Corporation ("ATC") hereby moves this Honorable Court for a judgment of default in the above-captioned action against the following Defendants:  Gulf Coast Steeplejack ("Gulf Coast"); Global Tower Service ("Global"); Western States Tower, LLC ("WST"); Heinz Corporation ("Heinz")' Daniel Weness Construction ("Weness"); AMF Electrical Contractors, Inc. ("AMF");  and Advanced Lightning Technology, Ltd. ("Advanced") (collectively, the "Defendants").  The Plaintiff states that default entered against the Defendants on or about January 13, 2005.  In support hereof, Plaintiff submits

the Affidavit of Gregory J. Aceto, Esq. (the "Aceto Affidavit") and refers to the Affidavit of Paul Bergendahl (the "Bergendahl Affidavit"), filed on or about November 1, 2004, and further states as follows:

The Plaintiff ATC initiated a civil action for interpleader and declaratory relief against the Defendants in conjunction with claims of breach of contract, fraud, and contribution and indemnification against the Defendant JLB Construction, Inc. ("JLB"). The action arose from JLB's failure to perform its contractual obligations under a Master Contractor Agreement ("MCA"), dated January 1, 2003, and all other claims related thereto. *See* Bergendahl Affidavit, ¶3 and *Exhibit A*.

Under the MCA, JLB agreed to participate in and oversee the performance and completion of work at each of twenty-two (22) tower sites (the "Sites"). *See* Bergendahl Affidavit, ¶3 and *Exhibit A*. JLB was given the authority to hire subcontractors in order to complete the work at each of the Sites in exchange for payment by ATC Towers Services, Inc. ("ACS"), a subsidiary of ATC, to JLB and by JLB to each of the subcontractors, so long as permission of ATC was granted in writing with regard to the hiring of any particular subcontractor. *See* Bergendahl Affidavit, ¶6 and *Exhibit A*. ATC also reserved the right to make payments to a subcontractor directly in the event that JLB failed to make payment as promised. *See* Bergendahl Affidavit, ¶7 and *Exhibit A*. JLB hired the Defendants to perform work on the Sites, but failed to remit payment to any of them. *See* Bergendahl Affidavit, ¶20.

On or about November 1, 2004, the Plaintiff ATC filed a Complaint for interpleader, breach of contract, fraud, indemnification and contribution, and declaratory relief in the United States District Court for the District of Massachusetts and thereafter, mailed copies of each of the following:

1) Complaint and Demand for Jury Trial with Exhibits,
2) Summons; and
3) Civil Action Cover Sheet,

for service by individual process servers in each of the Defendants' respective states. See Aceto Affidavit, ¶3.

On or about December 20, 2004, following the Defendants' failure to file Answers to the Complaint, Plaintiff ATC filed a request for Default pursuant to Fed.R.Civ.P. 55(a). See Aceto Affidavit, ¶¶4- 5. The Court (Young, J.) entered defaults as to each of the Defendants named herein on January 13, 2005. See Aceto Affidavit, ¶6.

In accordance with Fed.R.Civ.P. 55(b)(1), ATC hereby requests that declaratory relief be granted for the Plaintiff and against the Defendants in the amounts they could have claimed from the interpleader action, thereby precluding the Defendants from receiving any of the monies held by the court, and preventing the Defendants from bringing any action, in law or in equity, against the Plaintiff as related to the claims described herein. Further, the Plaintiff hereby requests that the Defendants be permanently enjoined from filing any mechanics' liens, materialmen's liens, or any other liens on any of the Sites referred to herein, or any additional sites as yet unnamed, which are subject to the Agreement. The Defendants are not infants, nor in the military service.

WHEREFORE, the Plaintiff requests that judgment enter against the Defendants.

                                  Respectfully submitted,
                                  AMERICAN TOWER CORPORATION,
                                  By its Attorneys,

                                  /s/ Gregory J. Aceto
                                  Gregory J. Aceto, Esq.
                                  (BBO# 558556)
                                  Erin J. Brennan, Esq.
                                  (BBO# 660097)
                                  JOHNSON & ACETO, P.C.
                                  67 Batterymarch Street, Suite 400
                                  Boston, MA  02110
Dated:                          (617) 728-0888